ShagkblfoRD, J.,
delivered the opinion of the Court.
This is a suit brought by the defendant in error, against the plaintiff in error, for an assault and battery and false imprisonment. It appears from the record, that the plaintiff in error, Pesterfield, was a police officer in the City of Knoxville. On the -- day of -, 1858, the defendant in error, on one of the public streets, was partially intoxicated, and passing, had a quarrel with a negro servant, who had placed a ladder on the street to clean the gas lamps. Some citizens on the streets intervened, and prevented him from molesting the servant. Angry words ensued on the part of the defendant in error. He was boisterous and violent in his language. This was on the public street, near the Court-House. Shortly thereafter, the plaintiff in error, came up and arrested him, and started with him to the lock-up house of the city. A difficulty ensued between them. The plaintiff in error, struck him and knocked him down. He was afterwards taken to the lock-up and kept during the night. After he was imprisoned, the friends of the defendant in error applied to the Recorder, about dusk, to bail him. He was engaged, and did not attend to it. They then applied to the Mayor and several of the Aldermen; they having met in council over the lock-up house. They declined to act, and he was detained in custody until the next morning, when he was discharged by the Recorder, upon the payment of a small fine. Upon the trial, the plaintiff, in error, justified his arrest under ordinances made *207 by the Mayor and Aldermen for the government of the City of Knoxville, passed and promulgated on the - day of -, 1852, which are as follows:
“Section 2. Be it further ordained by the authority aforesaid, That when any person shall violate the ordinances now in force in said corporation, made to prohibit persons from cursing and swearing in the public streets, and exhibiting their nakedness, and for hallooing and making a loud noise in the night time, within said corporation, if such persons shall be in a state of intoxication when arrested by the officer, with or without warrant, then, in that case, such persons shall be locked up in said jail or calaboose.”
By the sub-section of section second, it is provided, that the Marshall shall have the right to arrest when any misdemeanor is committed in his presence; or whenever the commission of a misdemeanor shall be otherwise brought to his knowledge.
Section third, provides, that the party arrested may be committed. The sub-section of that section, provides, that when the officer deems it necessary for the safe-keeping, he may be committed. In all other cases, the prisoner shall be immediately carried before the Recorder, or the Mayor, or some of the Aldermen of the city, for trial.
The plaintiff in error, Pesterfield, had no warrant at the time the arrest was made. The cause was submitted to a jury. On trial, the Circuit Judge, among other things not excepted to, charged the jury, in substance, as follows:
*208 “The plaintiff in error, Pestel'field, as one of the police officers of Knoxville, would have the right to arrest the defendant, for a violation of any of the ordinances of the city; and, in doing so, he would not he guilty of trespass, if the breach occurred in his presence; but he would have no authority to make an arrest, on the information of others, without a warrant; that it was not required of the plaintiff in error to arrest immediately on the breach of the ordinance by the defendant in error. But if the arrest was made by the plaintiff, for a violation of the ordinances in his presence, he would not be guilty of transcending his authority as a public officer; that if the plaintiff in error, Pesterfield, and the others aiding and assisting him, used more violence and rigor than was necessary, to secure and bring him to trial, they would be guilty as .trespassers; that the defendant in error was entitled to a speedy trial, and that it was the duty of the plaintiff in error, Pesterfield, to take him before the Recorder, Mayor, or one of the Aldermen of Knoxville, without unnecessary delay, that his case might be heard and disposed of by trial; that if the plaintiff in error, Pesterfield, and those acting under his command, confined the defendant in the calaboose until 3 o’clock the next day after the arrest, they would be guilty of false imprisonment, and liable in damages, the ordinances of the city of Knoxville to the contrary, notwithstanding.”
The Court instructed the jury, that “It was the duty of the Mayor and Aldermen to take the bail *209 of tbe defendant in error. If the Recorder refused so to do, after the defendant was committed to the calaboose, on bail being offered by him or his friends, if they refused, they would be guilty of false imprisonment, and liable in damages.”
A judgment was rendered for defendant in error; a new trial was moved for, which was overruled; and an appeal taken to this Court.
The questions for our consideration, are, 1st, Was the plaintiff in error, Pesterfield, justified in making the arrest without a warrant? 2d, Is the Corporation of Knoxville liable for the malfeasance or misfeasance of its officers, in the discharge of the duties incumbent on them by law?
We have been referred to various decisions, made in the English and American Courts, showing the authority of a peace officer to arrest an offender without a warrant, though the offense may not have been committed in his presence, which, in the absence of a statutory regulation, would have controlled the action of this Court. But the Statute laws of this State are decisive of this question. Section 5032 of the Code, with the sections inclusive to 5037, defines the rights and powers of officers in making arrests. Section 5032, provides, that an arrest may be made, either by an officer under a warrant, or by an officer without a warrant. Section 5037, in explanation of section 5032, provides, that an officer may arrest a person: 1st, For 'a public offense committed, or a breach of the peace in his presence; 2d, When the person has committed a felony, though *210 not in his presence; 3d, When a felony has, in fact, been committed, and he has reasonable cause to believe that the person arrested has committed it; 4th, On a charge made upon reasonable cause of a felony having been committed by the person arrested.
Upon the adoption of the Code, these sections became the general law governing arrests made by officers; and for any arrests made in violation of them, they would, be held liable. It is insisted, that the power to make the ordinances, under which the defendant was arrested, vested in the Mayor and Aider-men of the City of Knoxville, by the amendments to the charter, passed by the Legislature in 1852, and was not repealed by the provisions of the law embraced in section 5037. It is insisted, that, by section 42 of the Code, which provides that local, special, and private Acts, and Acts of incorporation heretofore passed, are not repealed. The charter of the Corporation of Knoxville, was not changed by the adoption of the Code; but all laws and ordinances made by the corporation, inconsistent with the general laws, were inoperative. Therefore, the ordinance of the corporation of the City of Knoxville, which authorized the police officer to make an arrest for a breach of the ordinances of the corporation, not committed in his presence, without a warrant, was inconsistent with the general law of the land, and that the police officer could not justify his act under this ordinance. We are, therefore, of the opinion, that there is no error in the charge of His Honor on this point. That part of His Honor’s charge, in which the jury were instructed, *211 “that it was the duty of the Mayor or Aldermen, to take hail from the defendant in error, if the Recorder had refused so to do, after the defendant in error was committed to the calaboose, on bail being offered by the defendant in error, or his friends, if they refused so to do, they would be guilty of false imprisonment, and liable in damages.”
This instruction was, we think, erroneous. The Recorder is a judicial officer. The distinction between judicial and ministerial officers, has been too well settled to now admit of discussion. Upon the well established principle of law and public policy, no action will lie against any officer, for any act of a judicial character, done within the scope of his jurisdiction, unless malice or corruption be proven.
The Recorder of a town is a judicial officer, with the powers of a Justice of the Peace, as regards a violation of the criminal laws. He may try all accusations preferred against individuals, for alleged breaches of the by-laws and ordinances of the corporation. He may impose, by virtue of his office, a fine and imprisonment, etc., etc. Chancellor Kent, in the case of Yates vs. Lansing, says: “The doctrine which holds a Judge exempt from a civil suit or indictment, for any act done, or admitted to be done, by him, sitting as a Judge, has a deep root in the common law. It is to be found in the earliest judicial records, and it has been steadily maintained by an undisturbed current of authorities, in the English Courts, amidst every change of policy, and through every revolution of their Government: 2 Hilliards on Torts, 173; 2 Mod., 218; *212 10 Coke, 68; 2 Black Rep., 114; 1 Ld. Raymond, 454; 2 Cush. Rep., 687.” No principle is more firmly established than this, in the English and American jurisprudence.
It is insisted for the defendant in error, that a corporation, like an individual, is liable for the acts of its agents, when it has either authorized them in the first instance, or adopted or ratified them afterwards. In support of this principle, 1 Hump., 403, is cited. That case was a suit against the Mayor and Aider-men of the City of Knoxville. The Court held, that, where the agent injures the real estate of an individual, by the authority of the corporation, such corporation is liable for such injuries, as natural persons. Also, in the case reported in 9 Hum., the Mayor and Aldermen of the City of Memphis procured a cistern to be dug, which occupied a part of the sidewalk. The persons who were employed to dig it, negligently left it open — the plaintiff fell into it, and was disabled —the corporation was held liable for damages; but these cases have no application to the case under consideration. There is a broad distinction between the relation which the municipal officers of a corporation sustained to it, and the relation between principal and agent and a private corporation, its officers or agent’s.
The officers of a municipal corporation are elected or appointed. Powers are conferred, on them by law; duties imposed, for the purpose of promoting the general welfare of the community, by preserving order, restraining vicious and lawless persons, and preserving the quiet and peace of the town or city incorporated. No power *213 is invested in them for a private benefit, but for the general good of the citizens composing the body politic. The officers of these municipal corporations are created for the same purpose that the officers of the State and County — to promote the general welfare of society.
In some municipal corporations, the Recorder has more enlarged powers than a Justice of the Peace. It is in his discretion to take bail, or not, when a case is presented. He has a legal discretion, over which the Mayor and Aldermen have no control.
And when judicial powers are vested in the Mayor and Aldermen, the principles áre applicable: 2 Hilliard on Torts, 451 and 461: “A municipal corporation is not responsible for the tortuous acts of its officers.”
“The Marshal or Constable, is an officer appointed or elected to discharge certain duties incumbent on him as policeman. His duty is, to arrest all offenders of the corporation laws, or persons who disturb the peace of society. The law defines his duties; if he violates them, he is personally responsible:” 2 Hilliard on Torts, 417. In 1 Allen’s Mass. Reports, 172, it was held that a city was not liable for an assault committed by its police officer, even though it was done in an attempt to enforce an ordinance: 15 U. S. Digest, 140. We are, therefore, satisfied from principle and authority, that a municipal corporation is not liable for the wrongful acts of its officers. If they violate the law, they are personally responsible.
The judgment of the Circuit Court is reversed.